UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NANCY OWENS,  :
    Plaintiff,  :
      :
v.  : Case No. 3:16-cv-01912 (VAB)
      :
STARION ENERGY, INC.,  :
    Defendant.  :

**RULING ON MOTION TO DISMISS**

Nancy Owens ("Plaintiff"), brings this putative class action against Starion Energy, Inc. ("Starion Energy" or "Defendant"), alleging violations of the "Do Not Call" provisions of the Telephone Consumer Protection Act ("TCPA"). Compl., ECF No. 1. Starion Energy has moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).[1] Def. Mot. to Dismiss, ECF No. 23. Starion Energy also seeks to strike several components of the Complaint. *Id.* For the reasons outlined below, Starion Energy's Motion to Dismiss is **DENIED**.

## I.    FACTUAL BACKGROUND

Ms. Owens alleges that, in September 2016, Starion Energy called her home telephone number multiple times to promote their services. Compl. ¶¶ 14-16. According to Ms. Owens, her home telephone number was listed on the national "Do Not Call" registry at the time of those calls. *Id.* On September 23, 2016, Ms. Owens allegedly answered the phone to request that

---

[1] Starion Energy also originally moved to dismiss the Complaint for lack of standing under Rule 12(b)(1). However, during oral argument on their motion, they conceded this argument and withdrew their claims with respect to standing. To the extent that Starion Energy still seeks to pursue this argument, the motion is denied, as the case law in this Circuit is clear that the types of harms alleged by Ms. Owens may serve as the basis for Article III standing. *Leyse v. Lifetime Entm't Servs., LLC*, 2017 WL 659894, at *1 (2d Cir. Feb. 15, 2017) (summary order) (receiving two voicemails and listening to them on an answering device "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing" under the TCPA); *Bell v. Survey Sampling Int'l, LLC*, No. 3:15-CV-1666 (MPS), 2017 WL 1013294, at *3 (D. Conn. Mar. 15, 2017) ("Answering a single robocall, as Ms. Bell did in this case, is the type of concrete injury-in-fact that has been upheld by the Second Circuit and U.S. Supreme Court."); *Zyburo v. NCSPlus, Inc.*, 44 F. Supp. 3d 500, 504 (S.D.N.Y. 2014) ("under the TCPA … the called party has standing to bring suit for a violation of the TCPA even if he has not suffered actual harm.").

Starion Energy stop calling her, and she later wrote to Starion Energy to ask if they had "any evidence of her consent to make these unwanted calls[.]" *Id.* at ¶ 19.  In response, Starion Energy allegedly informed Ms. Owens that her number would be placed on the company's internal "Do Not Call" registry.  *Id.* at ¶ 20.

According to Starion Energy, the telephone number that they contacted was a business telephone number, not a home telephone number.  Def. Mem. in Supp. at 10-11, ECF No. 23-1.  While Ms. Owens does not deny that the number in question functions as a business number, she explains that it is a home-based business, thus it is the same as her residential number.  Pl. Mem. in Opp. at 15-17, ECF No. 26.

Ms. Owens brings this lawsuit on behalf of all people nationwide whose telephone numbers were registered on the national Do Not Call registry and who received unsolicited telephone calls from Starion Energy up to four years before the filing of the Complaint.  Compl. at ¶ 22.  Starion Energy has now moved to dismiss the Complaint in its entirety under Rule 12(b)(1) and Rule 12(b)(6); in the alternative, Starion Energy seeks to strike several portions of the Complaint under Rule 12(f).

## II.    STANDARD OF REVIEW

When considering a motion to dismiss for failure to state a claim under Fed R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all possible inferences from those allegations in favor of the plaintiff. *See York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002).  The proper consideration is not whether the plaintiff ultimately will prevail, but whether the plaintiff has stated a claim upon which relief may be granted such that it should be entitled to offer evidence to support its claim. *See id.* (citation omitted).  Courts considering motions to dismiss

under Rule 12(b)(6) generally "must limit [their] analysis to the four corners of the complaint," though they may also consider documents that are "incorporated in the complaint by reference." *Kermanshah v. Kermanshah*, 580 F.Supp.2d 247, 258 (S.D.N.Y. 2008).

In reviewing a complaint under Rule 12(b)(6), the court applies "a 'plausibility standard,'" which is guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the requirement that the Court accept as true the allegations in a complaint "is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. *Id.* at 679. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Short of dismissing a complaint in its entirety, a court may also "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Resolution of a motion to strike under this rule is within the discretion of the district court, and such motions are generally disfavored and should be infrequently granted. *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013). The Second Circuit has long held that courts "should not tamper with the pleadings unless there is a strong reason for so doing," and that a motion to strike under Rule 12(f) should be denied "unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). Thus, the party moving to strike "bears a heavy burden" and ordinarily must show that "(1) no evidence in support of the allegations would be

admissible; (2) the allegations have no bearing on the issues in the case; and (3) permitting the allegations to stand would result in prejudice to the movant." *Tucker*, 936 F. Supp. at 16.

## III. DISCUSSION

Starion Energy seeks dismissal of Ms. Owens' Complaint in its entirety. Starion Energy argues that Ms. Owens has failed to state a claim under Rule 12(b)(6), arguing that: (1) the number allegedly contacted by Starion Energy was a business number, not a residential number as required for TCPA protection; (2) the Complaint lacks the requisite specificity regarding the alleged telephone calls; (3) Ms. Owens fails to allege that she is the subscriber who registered the number on the national "Do Not Call" registry; and (4) the Complaint does not properly allege the requisite knowledge and willfulness to state a claim for treble damages under the TCPA. Def. Mem. in Supp., ECF No. ECF No. 23-1. Starion Energy also seeks to strike portions of Ms. Owens' Complaint, including reference to attorneys' fees and costs, allegations under TCPA § 227(b)(1), and the proposed definition of the purported class. The Court examines each of these arguments in turn.

### A. Failure to State a Claim under Rule 12(b)(6)

Starion Energy seeks dismissal of Ms. Owens' Complaint for failure to state a claim under Rule 12(b)(6). Specifically, Starion Energy argues that (1) the number allegedly contacted by Starion Energy was a business number, not a residential number as required for TCPA protection; (2) the Complaint lacks the requisite specificity regarding the alleged telephone calls; (3) Ms. Owens fails to allege that she is the subscriber who registered the number on the national "Do Not Call" registry; and (4) the Complaint does not properly allege the requisite knowledge and willfulness to state a claim for treble damages under the TCPA. As discussed in further detail below, the Court disagrees.

### 1. Home-Based Business Number

Starion Energy argues that the telephone number it allegedly contacted was a business line, not a residential number as required for TCPA protection. Def. Mem. in Supp. at 10, ECF No. 23-1. In support of this argument, Starion Energy requests that the Court take judicial notice of a website that advertises Ms. Owens' marketing and branding services and identifies a business phone number at which Ms. Owens can be reached, which Starion Energy claims is the same number as the one featured in Ms. Owens' Complaint. *Id.* at 11; Halo Branded Solutions Printout, Def. Ex. A, ECF No. 23-1. Starion Energy claims that, "by virtue of advertising the telephone number as a business number," the phone number allegedly contacted by Starion Energy does not qualify for TCPA protections. Def. Mem. in Supp. at 10, ECF No. 23-1. Ms. Owens does not dispute that the telephone number in question was held out as a business number; however, she claims that the business is a home-based business, thus the number was one and the same as her residential telephone number and is covered by the TCPA. Pl. Mem. in Opp. at 15, ECF No. 26.

"The TCPA was enacted to protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home…." *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.*, 975 F. Supp. 329, 330 (S.D.N.Y. 1997), *aff'd*, 156 F.3d 432 (2d Cir. 1998) (internal quotations and marks omitted). The Second Circuit has yet to speak specifically about whether a home-based business telephone number can be considered "residential" for purposes of TCPA protection; however, district courts in this Circuit and elsewhere have found that whether a telephone number is truly "residential" is a question of fact that is not appropriate for resolution at the motion to dismiss stage. *See Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369, 2014 WL 4954618, at *4

(E.D.N.Y. Oct. 2, 2014) (denying motion to dismiss where residential line may have been held out as a business line and allowing limited discovery); *Baker v. Certified Payment Processing, L.P.*, No. 16-CV-03002, 2016 WL 3360464, at *3 (C.D. Ill. June 1, 2016) (denying defendant's motion to dismiss so that parties may conduct discovery to determine whether the phone line was residential or business); *Clauss v. Legend Sec., Inc.*, No. 4:13-CV-00381-JAJ, 2014 WL 10007080, at *2 (S.D. Iowa Sept. 8, 2014) (finding that the issue of whether the subject phone line was residential or business was a disputed fact even after discovery and that summary judgment was therefore inappropriate).

In *Bank v. Independent Energy Group, LLC*, the district court for the Eastern District of New York examined whether a telephone line that was registered as "residential" could be considered residential for TCPA purposes when the plaintiff used that line for business purposes and held it out to the public as a business line. *Bank*, 2014 WL 4954618, at *3. The court concluded that a telephone line's initial registration as "residential" was not necessarily sufficient to ensure TCPA protection if the line is actually held out as a business line: "A telephone subscriber who registers a line with the telephone company as a residential line but then lists the number in the Yellow Pages and other directories as a business line sacrifices the protections afforded by the TCPA…. If Defendants are correct about the ways in which Bank has advertised this number, it would not qualify as residential under the TCPA." *Id.* at *4.

Nonetheless, the court determined that the residential nature of a telephone line was a question of fact, declining to dismiss the case on Rule 12(b)(6) grounds and permitting additional discovery, noting that "the complaint does not allege the number at issue and this is a motion to dismiss." *Id. Bank* was eventually resolved on summary judgment in favor of the defendant. *See Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369 JG VMS, 2015 WL 4488070, at *2

(E.D.N.Y. July 23, 2015) (finding that the telephone number in question was a business line because "Bank provides the Subject Telephone number on his business card, professional letterhead for his law practice, and in pleadings and court filings, and he provides it to clients, prospective clients, other attorneys, and business contacts.").

Taking as true all of the factual allegations in the Complaint, as is required at this stage, *see York*, 286 F.3d at 125, the Court cannot conclude that Ms. Owens has failed to state a claim for relief under the TCPA. As Starion Energy points out in their motion to dismiss filings, the Complaint does not include Ms. Owens' full phone number, nor does it allege that the number in question functions primarily as a business number. Rather, the Complaint exclusively describes the telephone number in question as Ms. Owen's "home" or "residential" telephone number. Accordingly, the Court cannot conclusively determine at this early stage was truly "residential" or "business" for purposes of TCPA protection.

Further discovery is therefore warranted to determine whether the telephone number allegedly contacted by Starion Energy was a "residential" or "business" line. Thus, the Court denies Starion Energy's motion to dismiss on this basis.

### 2. Specific Call Information

Starion Energy argues that Ms. Owens' Complaint lacks the requisite specificity regarding the alleged telephone calls and must therefore be dismissed. The Court disagrees.

"[C]laims based on alleged violations of the TCPA need not be pled with particularity." *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015); *see also McCabe v. Caribbean Cruise Line, Inc.*, No. 13-CV-6131, 2014 WL 3014874, at *4 (E.D.N.Y. July 3, 2014) (denying defendant's motion to dismiss for failure to state a claim where plaintiff did not specify that the subject telephone call was made using an "automatic telephone dialing

system" or an "artificial or prerecorded voice"). In a TCPA cause of action, a "[p]laintiff is only required to plead facts sufficient to establish that a claim is plausible" in order to survive a motion to dismiss. *Jennings v. Cont'l Serv. Grp., Inc.*, No. 1:15-CV-00575 (EAW), 2017 WL 900069, at *2 (W.D.N.Y. Mar. 7, 2017); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring that a plaintiff plead "only enough facts to state a claim to relief that is plausible on its face"). According to Starion Energy, Ms. Owens' Complaint warrants dismissal because Ms. Owens fails to specify (1) the time and date of each alleged telephone call, and (2) the complete telephone number at issue. The Court examines these arguments in further detail below.

*a. Time and Date of Alleged Calls*

Ms. Owens' Complaint contains general allegations about a pattern of marketing-related telephone calls from Starion Energy in September 2016. Compl. ¶ 16 ("In September of 2016 Ms. Owens received multiple calls from Starion Energy promoting their goods and services."). The Complaint specifically states that "[t]here were multiple calls received prior to September 23, 2016." *Id.* The Complaint then goes on to provide additional detail with respect to one specific call: "On September 23, 2016, the Plaintiff answered the call to try to get the continued calling to cease, and requested that Starion Energy stop calling her phone." *Id.* According to Starion Energy, these allegations are insufficient to establish a plausible claim for relief. *See Bell,* 550 U.S. at 570; Def. Mem. in Supp. at 12.

The statutory language provides that, in order to show a violation of the provisions of the TCPA, a party need only demonstrate "more than one telephone call within any 12-month period by or on behalf of the same entity[.]" 47 U.S.C. § 227(c)(5). Taken as true, Ms. Owens' allegations – namely, that Starion Energy placed "multiple" calls to her residential line within a

one-month period despite that number's registration on the national "Do Not Call" registry – constitute a violation of the TCPA. Nonetheless, Starion Energy insists that Ms. Owens' allegations lack the requisite specificity and thus fail to provide Starion Energy with sufficient notice of her claims. Starion Energy urges the Court to conclude that, in order to state a claim under the TCPA, a plaintiff must specify the not only the identity of the caller and the general time frame of the multiple calls, but also the time, date, and content of each individual call.

In support of its argument, Starion Energy primarily relies on an unpublished district court case from the Northern District of Illinois, *Abbas v. Selling Source, LLC,* No. 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009). In *Abbas*, the court granted the defendant's motion to dismiss based on the plaintiff's lack of specificity and dismissed the plaintiff's TCPA complaint with leave to amend. The *Abbas* court noted that the Complaint contained "broad, conclusory allegations regarding the 'numerous' further messages that [plaintiff] allegedly received[,]" *id.* at *2, further specifying that the plaintiff failed to provide "allegation[s] regarding when [he] received the later messages, what those messages stated, or from what numbers he received the later messages." *Id.* According to Starion Energy, the Court should adopt the reasoning in *Abbas* to conclude that a complaint must include information about the timing and content of the offending telephone calls in order to plausibly allege TCPA violations.

The Second Circuit has not yet defined the level of specificity required to plead violations of the TCPA. However, district courts across the country, including courts within the same Northern District of Illinois, have explicitly rejected the holding in *Abbas* and adopted a broader reading of the TCPA pleading standards. *See Sojka v. DirectBuy, Inc.*, 35 F. Supp. 3d 996, 1004 (N.D. Ill. 2014) ("This court respectfully disagrees with *Abbas* . . . . Rule 8(a)(2) does not require a TCPA plaintiff to plead every detail about every text message or telephone call placed.");

9

*Strickler v. Bijora, Inc.*, No. 11 CV 3468, 2012 WL 5386089, at *2 (N.D. Ill. Oct. 30, 2012) (finding pleadings to be sufficient to afford fair notice to defendant where plaintiff provided some but not all dates and content of the text messages she received); *see also Pinder v. Corinthian Colleges, Inc.*, 2014 U.S. Dist. LEXIS 24086, *1 (D. Md. Feb. 24, 2014) ("This Court does not find persuasive the unpublished decision in *Abbas*… Having pleaded a plausible claim with regard to a TCPA violation, Plaintiff may proceed and is not going to be required - at the beginning of the case - to specify the details of all alleged violations."); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010) ("[N]otice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every text message."). Each of these courts rejected the heightened standard outlined in *Abbas*, concluding that detailed allegations about the time and date of each telephone call are not required at the pleading stage in a TCPA case.

In the absence of any binding case law indicating otherwise, this Court, too, chooses not to adopt the more restrictive holding in *Abbas* and concludes that detailed allegations regarding the time and date of each telephone call are not required at this early stage. Accordingly, Starion Energy's motion to dismiss is denied on this ground.

### b. Complete Telephone Number

Starion Energy also argues that the Complaint must be dismissed for failure to fully identify the telephone number in question. Def. Mem. in Supp. at 14. However, Starion Energy has not identified any Second Circuit authority requiring a complete telephone number at the pleading stage in TCPA cases, and the Court has not found any binding case law supporting this proposition.

Starion Energy cites *Strand v. Corinthian Colleges, Inc.,* No. 1:13-CV-1235, 2014 WL 1515494 (W.D. Mich. Apr. 17, 2014), an unpublished case from the Western District of Michigan, in support of its proposition that a complete telephone number is required in order to state a valid TCPA claim.[2] *See id.* at *3 (granting motion to dismiss for failure to provide complete telephone number in complaint). However, as noted in another case cited by Starion Energy, *Margulis v. Generation Life Ins. Co.*, 91 F. Supp. 3d 1165, 1167 (E.D. Mo. 2015), *Strand* represents the minority view. Citing *Strand,* the *Margulis* court states as follows: "At least one district court has required a TCPA plaintiff to plead the phone number that allegedly received the offending phone call …. However, … [t]he majority of district courts do not require such detail at the pleading stage in order to provide adequate notice to a TCPA defendant."

District courts throughout the country have consistently held that a complete telephone number is not required at this stage. *See, e.g.*, *Stewart v. T-Mobile USA, Inc.*, 124 F. Supp. 3d 729, 733 (D.S.C. 2015) ("Consistent with other decisions in this District, the Court will not require Plaintiff to plead the specific cellular telephone number that T–Mobile purportedly called in order to state a plausible TCPA claim."); *Isgett v. Northstar Location Servs., LLC*, No. 4:14-CV-4810 (RBH), 2015 WL 4072094, at *3 (D.S.C. July 2, 2015) (finding that plaintiff stated a plausible claim sufficient to survive a motion to dismiss where plaintiff did not provide the telephone number for the subject line at issue); *Hashw v. Dep't Stores Nat. Bank*, 986 F. Supp. 2d 1058, 1061 (D. Minn. 2013) ("Here, [plaintiff] has pleaded that an ATDS was used to make the calls to his cellular phone… nothing more is required to state a claim for relief under the

---

[2] Starion Energy also argues that it cannot have fair notice of Ms. Owens' claims if the Complaint does not provide the complete telephone number in question. However, throughout its briefs, Starion Energy repeatedly references the complete telephone number in question in order to argue that the number serves as a business line rather than a residential line. Thus, Starion Energy's own filings confirm that Starion Energy already has notice of the complete number in question, and Ms. Owens' failure to plead the complete telephone number in the Complaint should not be treated as fatal to her TCPA claim.

TCPA."); *Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1060 (D. Or. 2014) ("[I]f there is a question about the phone number at issue, it can be addressed through discovery.").

Starion Energy's motion to dismiss is denied on this ground. Ms. Owens' pleadings are sufficiently specific at this early stage.

### 3. Registration of Telephone Number

Starion Energy argues that Ms. Owens fails to allege that she is the subscriber who registered the number at issue on the national "Do Not Call" registry, and that her Complaint must therefore be dismissed. The Court disagrees.

Contrary to Starion Energy's representations, the Complaint does explicitly describe Ms. Owens as the subscriber of the subject telephone number. *See* Compl. ¶ 2 ("In violation of the TCPA, Starion Energy… initiated telemarketing calls to a telephone number Ms. Owens had registered on the national Do Not Call Registry"). Furthermore, neither the statutory language nor the case law requires an individual to personally register his or her telephone number on the "Do Not Call" registry in order to have standing under the TCPA. *See, e.g. Sterling v. Mercantile Adjustment Bureau, LLC*, 667 F. App'x 344, 345 (2d Cir. 2016) (recognizing that "the called party' is the subscriber, i.e., the consumer assigned the telephone number dialed and billed for the call") (internal citations and marks omitted); *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 326 (3d Cir. 2015) ("a regular user of the phone line who occupies the residence being called undoubtedly has the sort of interest in privacy, peace, and quiet that Congress intended to protect"); *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 682 (S.D. Fla. 2013) ("[T]he standing provision of the TCPA is quite broad in that any "person or entity" injured by a violation of the statute may seek redress; standing is not expressly limited to the "called party."); *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 565 (W.D. Wash. 2012) ("There

is no dispute that the messages were sent to Plaintiff's cellular telephone number and that she received them. Her privacy is the interest that the TCPA was intended to protect. She therefore has statutory standing.").

The Complaint clearly alleges that Ms. Owens was the recipient of the telephone calls in question from Starion Energy, and thus Ms. Owens bears the privacy interests that Congress sought to protect by enacting the TCPA. Therefore, the Court concludes that Ms. Owens has statutory standing under the TCPA, whether or not she is the subscriber who personally registered the number on the do-not-call registry. For these reasons, Starion Energy's motion to dismiss on this ground is denied.

### 4. Treble Damages

Finally, Starion Energy argues that the Complaint fails to state a claim for treble damages under the TCPA. The Court disagrees.

Under 47 U.S.C. § 227(c)(5)(C), the Court may award treble damages "[i]f the court finds that the defendant willingly or knowingly violated" the TCPA. At the conclusion of the Complaint, Ms. Owens generally alleges that Starion Energy committed "willful and/or knowing violations[.]" Compl. at 7. In addition to this general allegation, the Complaint also alleges that the telephone number in question had been listed on the "National Do Not Call Registry for a number of years prior to the receipt of the calls from the Defendant" and that "Ms. Owens has never removed her residential telephone number from the National Do Not Call Registry." *Id.* at ¶¶ 14-15.

Drawing all possible inferences in favor of the plaintiff as is required at this stage, *see York*, 286 F.3d at 125, these allegations suggest that Starion Energy knew that calling Ms. Owens would violate the TCPA. In order for a defendant's conduct to be "willful" or "knowing"

for purposes of treble damages under the TCPA, courts in this Circuit have held that bad faith is not necessarily required; rather, it is enough for a defendant to act with knowledge that the conduct violates the law. *See Echevvaria v. Diversified Consultants, Inc.*, No. 13 CIV. 4980 LAK AJP, 2014 WL 929275, at *11 (S.D.N.Y. Feb. 28, 2014) ("Accordingly, the Court finds that Diversified's conduct was willful because Diversified knew or should have known" that their conduct violated the TCPA.). Thus, considering the Complaint as a whole, dismissal of Ms. Owens' claim for treble damages is not warranted at this time.

Starion Energy's motion to dismiss for failure to state a claim is denied.

### B. Motion to Strike

In addition to the various arguments described above in support of Starion Energy's motion to dismiss for failure to state a claim under Rule 12(b)(6), Starion Energy also seeks to strike various portions of the Complaint. Specifically, Starion Energy seeks to strike all references to attorneys' fees and costs as well as any allegations that Starion Energy violated 47 U.S.C. § 227(b)(1), a statutory provision that governs the use of an "artificial or prerecorded voice[.]" Starion Energy also challenges the Complaint's proposed definition of the purported class, arguing that the class identified in the Complaint is an improper "fail-safe" class and that any class-related allegations should be stricken accordingly.

As indicated above, motions to strike are generally disfavored. *See Tucker*, 936 F. Supp. at 16. For the reasons outlined below, Starion Energy has not met its burden of showing that "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) permitting the allegations to stand would result in prejudice to the movant" with respect to any of the components Starion Energy wishes to strike. *Id.* Accordingly, Starion Energy's motion to strike is denied.

### 1. Attorneys' Fees and Costs and TCPA § 227(b)(1) Allegations

Starion Energy argues that the TCPA is not a fee shifting statute, thus any reference to attorney's fees in the Complaint should be stricken. Starion Energy also argues that the Complaint does not include detailed allegations that 47 U.S.C § 227(b)(1) was violated, thus reference to this statute in the Complaint should be stricken. The Court disagrees with both of these arguments.

In the section labeled "Relief Sought," the Complaint includes a request for "an award of attorneys' fees and costs to counsel for Plaintiffs and the Class." Compl. at 7. Starion Energy correctly notes that attorney's fees are not authorized under the TCPA. *See Klein v. Vision Lab Telecommunications, Inc.*, 399 F. Supp. 2d 528, 542 (S.D.N.Y. 2005) (dismissing reference to attorneys' fees because "[t]he TCPA makes no provision for attorney's fees or costs."). Nonetheless, in the event that the Court certifies a class in this action, there may still be some circumstances in which attorney's fees are appropriate. *See Bell*, 2017 WL 1013294, at *8.

In *Bell v. Survey Sampling International, LLC,* a TCPA case, this Court rejected a similar motion to strike the plaintiff's reference to attorney's fees. *Id.* The Court in *Bell* stated as follows:

> [The defendant] is correct that "[t]he TCPA makes no provision for attorney's fees or costs." *Klein v. Vision Lab Telecommunications, Inc.*, 399 F. Supp. 2d 528, 542 (S.D.N.Y. 2005). However, [the plaintiff] is also correct that if the class were certified and the litigation ultimately resulted in a common fund benefiting unnamed class members, I could "award attorneys' fees ... under either the 'lodestar' method or the 'percentage of the fund' method." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). In this case, denying the motion to strike the attorney's fees claim would not "result in prejudice to the movant." *HSN Nordbank AG*, 2015 WL 1307189, at *3. The parties may rest assured that the court will not ultimately award attorneys' fees where they are not authorized by law.

*Id.*

As was the case in *Bell,* there is no evidence that any prejudice would result from allowing reference to attorney's fees to remain in the Complaint, nor has Starion Energy demonstrated at this early stage that there would be no admissible evidence that could support such an award. Accordingly, Starion Energy's motion is premature, and striking portions of the Complaint is not necessary on this basis.

Similarly, Starion Energy seeks to remove reference to 47 U.S.C. § 227(b)(1), a provision that prohibits the initiation of "any telephone call to any residential line using an artificial or prerecorded voice[,]" on the basis that the Complaint lacks factual allegations that are directly relevant to this statutory provision. Starion Energy is correct in noting that Ms. Owens fails to specifically allege that Starion Energy made the subject calls using an artificial or prerecorded voice. Of note, Ms. Owens did not respond to this argument in her opposition brief. *See McLeod v. Verizon N.Y., Inc*., 995 F. Supp. 2d 134, 143 (E.D.N.Y. 2014) ("courts in this circuit have held that a plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.") (internal citations and marks omitted).

Starion Energy, however, never moved to dismiss this particular claim under Rule 12(b)(6); rather, it moved to strike reference to this statute from the Complaint altogether. Notwithstanding the lack of specific factual allegations that relate directly to this statute in the body of the Complaint, Starion Energy has not met the heavy burden required to demonstrate the need to strike this portion of the Complaint; namely, it has not established that "no evidence in support of the allegation would be admissible" as required for a motion to strike under Rule 12(f). *Lipsky*, 551 F.2d at 893. Accordingly, Starion Energy's motion to strike is appropriately denied on this basis.

### 2. Class Definition

Finally, Starion Energy challenges the proposed class of plaintiffs identified in the Complaint. According to Starion Energy, the proposed class is a "fail-safe class," meaning that it impermissibly limits the class to those entitled to relief, thus the proposed class should be stricken from the Complaint. Def. Mem. in Supp. at 20-21. The Court disagrees.

Starion Energy's motion is premature. While it is true that a "fail-safe class" may not ultimately be permissible, *see Hicks v. T.L. Cannon Corp*., 35 F. Supp. 3d 329, 356–57 (W.D.N.Y. 2014) ("A proposed 'fail-safe' class should not be certified because it is unfair to defendants, it prevents an adverse judgment being entered against plaintiffs, and it is unmanageable because the members of the class could only be known after a determination of liability"), courts in this Circuit have also found that a class may proceed even when it is determined to be "fail-safe," *see id.* ("[a] finding of a fail-safe class does not result in a bar to certification of the class … Despite a fail-safe class definition, courts have the discretion 'to construe the complaint or redefine the class to bring it within the scope of Rule 23'") (internal citations and marks omitted).

This case has not yet reached the class certification stage. At that time, "[t]he party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp*., 624 F.3d 537, 547 (2d Cir. 2010). Starion Energy's concerns about the potential "fail-safe" nature of the proposed class are best resolved at the class certification stage, not through a motion to strike. *Spread Enterprises, Inc. v. First Data Merch. Servs. Corp*., 298 F.R.D. 54, 69 (E.D.N.Y. 2014) (addressing concerns about fail-safe class on motion for class certification stage). Thus, the

Court declines to determine issues related to class certification before discovery has taken place, and Starion Energy's motion to strike the proposed class is denied.

### C. CONCLUSION

Starion Energy's Motion to Dismiss is **DENIED**, and its Motion to Strike is also **DENIED**. Ms. Owens' claims may proceed at this time.

SO ORDERED this 30th day of June, 2017, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE